UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 22-CR-377-01 (ABJ) |
| TYREE MCCOMBS | : | |

### DEFENDANT MCCOMBS'S
### MOTION FOR RELIEF FROM MISJOINDER AND FOR SEVERANCE OF COUNTS

Mr. Tyree McCombs, through undersigned counsel, respectfully moves this Honorable Court for relief from misjoinder pursuant to Federal Rule of Criminal Procedure 8(b) and for relief from the prejudicial joinder of offenses pursuant to Federal Rule of Criminal Procedure 14. As set forth below, Counts One through Four are misjoined with Counts Five through Sixteen. In support of this motion, counsel submits the following.

### Factual Background

Mr. McCombs is charged in each count of a sixteen-count Indictment, ECF 24, with offenses arising out of two unrelated incidents. Codefendant Robbie Terrell Clark is charged in four counts related to the first incident which is alleged to have occurred between August and September 2022 (Counts One through Four). Codefendant Clark is *not* charged or accused of participating in the second incident, which is alleged to have occurred between August 31, 2022 and November 8, 2022 and is the basis for the remaining twelve counts of the indictment (Counts Five through Sixteen).

The Indictment alleges that between August 30, 2022 and September 4, 2022, Mr. McCombs and Mr. Clark and others unknown to the grand jury conspired to rob M.M., conspired to kidnap M.M. and A.C., stalked M.M., and transported property stolen from M.M. and A.C. in interstate commerce.  The charges against Mr. McCombs and Mr. Clark related to

this incident are: Count One, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Two, conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); Count Three, interstate stalking, in violation of 18 U.S.C. § 2261A; and Count Four, interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. The alleged robbery and kidnapping occurred on September 4, 2022, and all the charged offenses arising out of this incident were completed on that date.

Separately, the Indictment alleges that between August 31, 2022 and November 8, 2022, Mr. McCombs and at least one other individual conspired to and robbed and kidnapped A.H., and during these events stalked, assaulted with intent to kill, and committed aggravated assault while armed against A.H. The charges against Mr. McCombs related to this offense are: Count Five, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Six, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Seven, using, carrying, brandishing, and discharging a firearm during and in relation to, or possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (iii) and 18 U.S.C. § 2; Count Eight, conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); Count Nine, kidnapping, in violation of 18 U.S.C. § 1201(a)(1); Count Ten, interstate stalking, in violation of 18 U.S.C. § 2261A; Count Eleven, interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; Count Twelve, unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); Count Thirteen, assault with intent to kill while armed, in violation of 22 D.C. Code §§ 401, 4502, 1805 (2001 ed.); Count Fourteen, aggravated assault while armed, in violation of 22 D.C. Code §§ 404.01, 4502, 1805 (2001 ed.); Count Fifteen, possession of a firearm during a

crime of violence or dangerous offense (relating to Count Thirteen), in violation of 22 D.C. Code §§ 4504(b) (2001 ed.); and Count Sixteen, possession of a firearm during a crime of violence or dangerous offense (relating to Count Fourteen), in violation of 22 D.C. Code §§ 4504(b) (2001 ed.). The alleged robbery and kidnapping occurred on November 7 and 8, 2022, and all the charged offenses arising out of this incident were completed on November 8, 2022.

The Indictment contains no allegation connecting the September 4, 2022 incident with the November 7 and 8, 2022 incident. The only connection is the alleged participation of Mr. McCombs in each of the two separate series of transactions of offenses.

<u>Argument</u>

I. **MISJOINDER OF COUNTS ONE THROUGH FOUR WITH COUNTS FIVE THROUGH SIXTEEN**

As the D.C. Circuit has held, "[w]here multiple defendants are involved, Fed.R.Crim.P. 8(b) governs both joinder of offenses and joinder of defendants." *United States v. Jackson*, 562 F.2d 789, 793 (D.C. Cir. 1979) (Rule 8(b) provides sole standard where more than one defendant involved). Under Rule 8(b), the Indictment misjoins the counts associated with two separate series of transactions.

Rule 8(b) provides in full:

> (b) **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Although Mr. McCombs and Mr. Clark are both charged in Counts One through Four and the defendants could be charged jointly with those offenses which arise out of the same series of alleged acts, Counts Five through Sixteen arose out of an unrelated series of acts. In fact,

3

Mr. Clark is not alleged to have participated in the acts charged in Counts Five through Sixteen. Even if Mr. Clark was charged with both series of offenses, because they were separate unrelated events, the rule does not permit joinder. *See Jackson*, 562 F.2d 789 (where multiple defendants all charged with offenses arising out of a rape and a robbery, robbery misjoined with rape because charges did not arise out of same series of acts or transactions). Although all defendants need not be charged in all offenses charged in an Indictment, Rule 8(b) does not permit multiple defendants to be charged with offenses arising out of separate acts or transactions—all the charged offense must arise out of the same series of acts or transactions constituting an offense or offenses. *Id.* For this reason, Counts One through Four are misjoined with Counts Five through Sixteen.

Unlike Rule 8(b), Rule 8(a) permits the joinder of offenses that are "of the same or similar character," and the offenses charged in Counts One through Four are arguably "of the same or similar character" to the offenses charged in Counts Five through Sixteen because both sets of offenses arise out of an alleged robbery scheme. However, the similarity of offenses does not permit the joinder under Rule 8(b) which applies here because there are multiple defendants. Rule 8(a) applies only to the joinder of counts against a single defendant. As the D.C. Circuit has clarified:

> "The major distinction between subdivisions (a) and (b) lies in their treatment of offenses 'of the same or similar character.' As long as only one defendant is concerned, Rule 8(a) permits joinder of such offenses, even if they are entirely unrelated to each other. On the other hand, in the multiple defendant context, Rule 8(b) forbids joinder, even of identical crimes, unless those crimes are part of 'the same series of acts or transactions.'" *United States v. Jackson*, 562 F.2d 789, 796 (D.C.Cir.1977); *see also United States v. Perry*, 731 F.2d 985, 990 (D.C.Cir.1984).

*United States v. Gooch*, 665 F.3d 1318, 1325 (D.C. Cir. 2012).

As the D.C. Circuit has recognized, "there are definite limits to what the government can put together in a single indictment." *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991). Overlapping membership in conspiracies is not sufficient to tie two conspiracies in to one common plan or scheme. *Id.* Nor is the common plan to steal money and property through robbery and kidnapping sufficient to tie two conspiracies together. *Id.* at 327 (common use of falsehoods to make money did not tie two fraud conspiracies together to support joinder).

Where, as here, Rule 8(b) does not permit joinder, no showing of prejudice is required, and severance must be granted. *See, e.g., United States v. Suggs*, 531 F.Supp.2d 13, 27-28 (D.D.C. 2008) ("the Court has no discretionary authority to join offenses that do not meet the requirements of Rule 8"). For this reason, the trial of Counts One through Four, must be severed from the trial of Counts Five through Sixteen.

## II. PREJUDICIAL JOINDER OF COUNTS ONE THROUGH FOUR WITH COUNTS FIVE THROUGH SIXTEEN

Even if the joinder of the offenses in Counts One through Four with those charged in Counts Five through Sixteen could somehow be deemed permissible under Rule 8(b), the Court should grant relief pursuant to Rule 14 because a joint trial of the offenses arising out of these separate incidents would be prejudicial to Mr. McCombs. Rule 14(a) provides:

> (a) **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Under Rule 14, "severance is warranted when there is 'serious risk that a joint trial would' either (1) 'compromise a specific trial right of one of the defendants,' or (2) 'prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Sutton*, Crim. No. 21-0598, 2022 WL 11744415, at *4 (D.D.C. October 20, 2022) (quoting *Zafiro v. United States*, 506

U.S. 534, 541 (1993)). The D.C. Circuit has further noted: "Three kinds of prejudice warrant relief under Rule 14: 1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges.'" *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968). The decision to grant severance remains firmly within this Court's discretion and the Court may exercise its discretion to sever the defendants even if it finds they are properly joined. *Zafiro*, 506 U.S. at 541.

    Here, the Court should grant relief because the joinder of the offenses against M.M. and A.C. with the separate offenses against A.H. will lead to the jury cumulate evidence of the separate crimes and present an intolerable risk that the jury will improperly infer a criminal disposition and treat that inference as evidence of guilt. Although these dangers are "largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other," *Blunt*, 404 F.2d at 1288 (internal quotation omitted), the offenses charged here are not mutually admissible. The evidence of the charges related to A.H. would not be admissible in a separate trial of the offenses against M.M. and A.C., which occurred months earlier, nor would the evidence of the offenses against M.M. and A.C. be admissible in a separate trial of the later offenses against A.H. Admission of the separate offenses in a joint trial would serve only to suggest guilt through accumulation of allegations and suggest the inference of criminal disposition.

    The government's evidence of Mr. McCombs's alleged participation in the offenses against A.H. centered around the allegation that a GPS monitor assigned to Mr. McCombs, who was on supervised release at the time of those offenses, pinged to the locations of the charged

offenses. Because "the mere presence of an accused at the scene of a crime is not sufficient to establish guilt," *United States v. Carter*, 522 F.2d 666, 682 (D.C. Cir. 1975), the government will seek to connect Mr. McCombs to the charged offenses through other evidence, but there is no DNA, fingerprint evidence, or physical evidence connecting him to that offense. To make up for that deficiency, the jury is more likely to improperly use evidence of alleged participation in two separate offenses to infer criminal propensity and therefore guilt. The Court should eliminate that prejudice by separating the trial of the offenses against A.H. from the trial of the offenses against M.M. and A.C.

## Conclusion

For the foregoing reasons and for such other reasons as may be presented at a hearing on this motion, Mr. McCombs respectfully requests that the Court grant relief from the misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 of the charges related to the alleged offenses against M.M. and A.C. on September 4, 2022 (Counts One through Four) with the charges related to the alleged offense against A.H. on November 7 and 8, 2023 (Counts Five through Sixteen).

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500