UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 22-CR-377-01 (ABJ) |
| **TYREE MCCOMBS** | : | |

**DEFENDANT MCCOMBS'S
MOTION TO SUPPRESS EVIDENCE
OBTAINED AS A RESULT OF UNLAWFUL WARRANTLESS ARREST**

  Mr. Tyree McCombs, through undersigned counsel, respectfully moves this Honorable Court to suppress the use of all evidence obtained as a fruit of his unlawful warrantless arrest in violation of the Fourth Amendment to the United States Constitution. Mr. McCombs was unlawfully arrested in the early morning hours of November 8, 2022. As the fruit of that unlawful arrest, the police seized three cellphones and clothing and obtained statements from Mr. McCombs. As a result of that evidence, the police also obtained numbers associated with the cellphones, a search warrant for the contents of the three cellphones and then additional evidence from the cellphones, and a search warrant for an Instagram account identified by Mr. McCombs and then evidence returned as a result of that warrant. The evidence derived from the unlawful warrantless arrest of Mr. McCombs must be suppressed. In support of this motion, counsel submits the following.

**Factual Background**

  Mr. McCombs is charged in a sixteen-count Indictment, ECF 24, with offenses arising out of two unrelated incidents. Counts Five through Sixteen allege offenses arising out of the

alleged robbery and kidnapping of A.H. on November 7 and 8, 2022.[1] Counts One through Four alleged offenses arising out of the alleged robbery and kidnapping of M.M. and A.C. on September 4, 2022.[2]

Mr. McCombs was arrested on the morning of November 8, 2023. Earlier that morning, police responded the area of 24th and Lawrence Street, N.E. for a report of an aggravated assault. There, they found A.H., who was suffering from a gunshot wound to her foot. She reported that she had been kidnapped from the area of Robinson Jefferson Drive in Columbia, Maryland by two unknown masked men. She fled from the men and ran to the location where police located her. As she did so, one of the men shot at her, striking her foot. She was unable to describe the men and indicated that she did not think she could identify them because they were wearing masks.

---

[1] The charges related to these allegations are Count Five, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Six, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Seven, using, carrying, brandishing, and discharging a firearm during and in relation to, or possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (iii) and 18 U.S.C. § 2; Count Eight, conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); Count Nine, kidnapping, in violation of 18 U.S.C. § 1201(a)(1); Count Ten, interstate stalking, in violation of 18 U.S.C. § 2261A; Count Eleven, interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; Count Twelve, unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); Count Thirteen, assault with intent to kill while armed, in violation of 22 D.C. Code §§ 401, 4502, 1805 (2001 ed.); Count Fourteen, aggravated assault while armed, in violation of 22 D.C. Code §§ 404.01, 4502, 1805 (2001 ed.); Count Fifteen, possession of a firearm during a crime of violence or dangerous offense (relating to Count Thirteen), in violation of 22 D.C. Code §§ 4504(b) (2001 ed.); and Count Sixteen, possession of a firearm during a crime of violence or dangerous offense (relating to Count Fourteen), in violation of 22 D.C. Code §§ 4504(b) (2001 ed.).

[2] The charges related to these allegations are Count One, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Two, conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); Count Three, interstate stalking, in violation of 18 U.S.C. § 2261A; and Count Four, interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.

Police then searched the District of Columbia Court Services and Offender Supervision Agency (CSOSA) Global Positioning System (GPS) records. According to those records, a GPS monitor assigned to Mr. McCombs was in the area where A.H. was shot near the time of the shooting. Police then showed a photo array containing Mr. McCombs's photograph to A.H. While A.H. stated that she was not sure and did not want to identify anyone from the array as the person who robbed her, she said that the photo of Mr. McCombs looked like the man who robbed her because the eyes were similar. The array, however, was impermissibly suggestive. *See Defendant McCombs's Motion to Exclude Identification Evidence*, ECF 32. With no additional information connecting Mr. McCombs to the charged offense and without a warrant, the police arrested Mr. McCombs.[3]

## Argument

Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Mr. McCombs was arrested on the morning of November 8, 2022, when police officers stopped him, placed him in handcuffs, and took him to the Fifth District police station. When they arrested Mr. McCombs, the police did not have probable cause to believe he had committed a crime. At that time, the police knew only that Mr. McCombs was assigned a GPS monitor by CSOSA and the CSOSA tracking system placed him in the area where the kidnapping victim was shot, and his eyes may have appeared similar to one of the kidnappers. This information was insufficient to constitute probable cause. The warrantless arrest of Mr. McCombs, therefore, was unlawful.

---

[3] The following day, November 9, 2023, after Mr. McCombs had been under arrest and detained for more than 24 hours, the police filed a complaint in this matter, and Magistrate Judge G. Michael Harvey issued a warrant for his arrest. The affidavit in support of that complaint, however, contained information that was obtained after police arrested Mr. McCombs.

The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. McCombs. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. McCombs. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967). Here, the police officers did not have a search warrant to search Mr. McCombs. Police reports suggest that Mr. McCombs's search was lawful as a search incident to arrest. However, because Mr. McCombs was not lawfully under arrest at the time of the search, the search incident to arrest exception to the warrant requirement does not apply. There is no other applicable exception to the warrant requirement. Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. McCombs must be suppressed.

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. McCombs respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized as the result of the unlawful arrest

and search, including any statements made by Mr. McCombs and all evidence derived from the evidence seized from and statements made by Mr. McCombs.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500